IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES                                                                      PLAINTIFF/RESPONDENT

V.                          No.  2:07-CR-20035-RTD

THOMAS WALTER CLIFFT                                                       DEFENDANT/PETITIONER

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 39) filed June 3, 2009.  The United States of America filed a Response (Doc. 43 ) on June 22, 2009 and the matter is ready for Report and Recommendation.

### I.  Background

Clifft was indicted on June 27, 2007, by the federal grand jury in the Western District of Arkansas, Fort Smith Division, for knowingly receiving one or more visual depictions of child pornography, in violation of 18 U.S.C. § 2252(a)(2). (Document 1).

The indictment charged Clifft with five separate counts of knowingly receiving child pornography over a six-month period beginning in October 2006 and continuing through and including March 2007. (Document 1). The child pornographic images Clifft was charged with receiving in each count of the indictment included images of children engaging in sexual acts depicted in videos as long as 51 minutes in duration. (Presentence report, hereinafter "PSR," dated March 26, 2008, ¶ 11). More than 21 hours of video footage of children engaged in sexual acts with adults that included vaginal intercourse, oral sex, masturbation and anal sex were

depicted on the video files Clifft had received and downloaded onto his home computer. (PSR, ¶¶ 5-11). Twenty-one videos downloaded by Clifft onto his computer contained images of children who have been identified by the National Center for Missing and Exploited Children as being "known victims" of sexual abuse. (PSR, ¶ 11).

A forensic examination of Clifft's computer by Sgt. Adam Holland of the Fort Smith, Arkansas, Police Department, indicated Clifft had offered child pornography videos to others via a file sharing program called Limewire. (PSR, ¶¶ 9, 11). Indeed, on March 23, 2007, Arkansas State Police Special Agent Kevin Richmond downloaded an available movie file from Clifft's Limewire program and found it "depicted a prepubescent female being vaginally penetrated by the penis of an adult male." (PSR, ¶ 9).

On January 24, 2008, Clifft, his retained counsel Eddie N. Christian and the government entered into a written plea agreement. (Document 23). In the written plea agreement, Clifft agreed to plead guilty to Count One of the five-count indictment that charged him with violating 18 U.S.C. § 2252(a)(2), receipt of child pornography. In exchange for his plea of guilty to Count One, the government agreed to recommend Clifft receive a three-level adjustment for acceptance of responsibility and move for dismissal of Counts Two through Five after sentencing. (Document 23, ¶ 1).

All five counts charged in the indictment carried a mandatory minimum penalty of five years imprisonment and a maximum penalty of twenty years incarceration. The penalty for Count One was clearly set forth in the written plea agreement Clifft signed. (Document 23, ¶ 10). Clifft acknowledged in the written plea agreement that he was not subject to any threats or coercion which induced him to change his plea to guilty. (Document 23, ¶ 24). He stated at the

change of plea hearing before the Honorable Robert T. Dawson on January 24, 2008, that he had a college degree, was not taking any medication and he understood the plea agreement. (Plea Transcript, pp. 3-5). Clifft further stated he understood he was pleading guilty to a charge that had a mandatory minimum term of imprisonment of not less than five years. (Plea Transcript, p. 6). Clifft reiterated to Judge Dawson that the mandatory minimum "means regardless, the minimum amount of time I can spend in prison is five years or 60 months." Id.

After Clifft's entry of a plea of guilty to Count One, the court ordered a presentence report. The presentence report, prepared by United States Probation Officer Heath Hall, recommended an advisory sentencing guideline range of 151 to 188 months imprisonment. At the sentencing hearing on June 2, 2008, Clifft was sentenced to 100 months imprisonment, 51 months below the low end of the advisory sentencing guideline range. He was fined $17,500 and ordered to pay the $100 special assessment. Clifft was also ordered to serve 15 years on supervised release following his release from incarceration. (Document 26).  Following the sentencing hearing, Clifft was remanded to the custody of the Attorney General to begin serving his 100-month sentence. He is currently incarcerated at FCI -Texarkana, Texas.

On June 3, 2009, Clifft filed a motion pursuant to 28 U.S.C. § 2255, claiming he received ineffective assistance of counsel because "it was brought to [his] attention there could have been a second plea option of possession of child pornography which carried a lesser sentence range of zero to ten years and no mandatory minimum." (Document 39, p. 3). Clifft claimed he "discovered this information via another inmate with similar circumstances, yet is serving less than three years." Id.

Clifft complains that another (unnamed) inmate informed him that he could have

received a "second plea option of possession of child pornography" and that attorney Christian should have brought this to Clifft's attention. This argument is completely without merit. No "second plea option of possession of child pornography" was offered nor available to Clifft. (See Affidavit of Assistant United States Attorney Kyra E. Jenner, Doc. 43, Exhibit 1).

## II.  Discussion

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to section 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). To establish a claim of ineffective assistance of counsel, Petitioner must satisfy the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, under the "deficient performance" component, he must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. see also, i.e. *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense) Also, to the extent that Petitioner's claims arise out the plea process, he must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See *Strickland*, 466 U.S. at 688; *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997)

The "deficient performance" prong of the two-part Strickland test requires the movant to

"show that his 'counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting Strickland, 466 U.S. at 687) That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted) There are two substantial impediments to making such a showing, however. First, "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Id. (quoting Strickland, 466 U.S. at 689, 104 S.Ct. 2052); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005)("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was deficient, the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, Petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different...a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *Rice*, 449 F.3d at 897 (internal quotations omitted) Thus, it is not sufficient for a defendant to show that the error had some "conceivable

effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir. 2007)(*citing Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004)) Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not ... need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir.1999)

     In the context of litigating claims for postconviction relief, the Eighth Circuit has held defense counsel's failure to procure a plea bargain is not sufficient grounds for an ineffective assistance of counsel claim. *Beans v. Black*, 757 F.2d 933 (8th Cir. 1985). Further, where the government and trial counsel both deny existence of a plea agreement offer and the record was sufficient to show conclusively that a formal plea offer never materialized, the district court properly denied a motion for postconviction relief. *Kings berry v. United States*, 202 F.3d 1030 (8th Cir. 2000). Finally, in a Sixth Circuit case, *Guerrero v. United States*, 383 F.3d 409 (6th Cir. 2004), a claim for postconviction relief was denied where the district court made a factual finding that no plea offer Guerrero claimed was made had in fact been extended by the government. 383 F.3d 15 at 416-417.

     The Affidavit of the Assistant United States Attorney makes it clear that the only offer she made to the Petitioner was for the Petitioner to plea guilty to a single count of the Indictment and that the government would move to dismiss the remaining four counts. (Doc. 43-1, p.2) Even if the United States Attorney could have sought an indictment on a lesser charge it is clear, because of the Petitioner's egregious conduct, that she choose not to.  More than 21 hours of video footage of children engaged in sexual acts with adults that included vaginal intercourse,

oral sex, masturbation and anal sex were depicted on the video files Clifft had received and downloaded onto his home computer. (PSR, ¶¶ 5-11). Twenty-one videos downloaded by Clifft onto his computer contained images of children who have been identified by the National Center for Missing and Exploited Children as being "known victims" of sexual abuse. (PSR, ¶ 11).

A forensic examination of Clifft's computer by Sgt. Adam Holland of the Fort Smith, Arkansas, Police Department, indicated Clifft had offered child pornography videos to others via a file sharing program called Limewire. (PSR, ¶¶ 9, 11). Indeed, on March 23, 2007, Arkansas State Police Special Agent Kevin Richmond downloaded an available movie file from Clifft's Limewire program and found it "depicted a prepubescent female being vaginally penetrated by the penis of an adult male." (PSR, ¶ 9).

Neither the Petitioner nor his attorney can dictate to the United States how it should prosecute a particular case. The Petitioner's option was to plea not guilty and proceed to trial, but, of course, the Petitioner choose to enter a plea instead. (Doc. 23).

To the extent that Petitioner's claims arise out the plea process, he must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See *Strickland*, 466 U.S. at 688; *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997). It is clear that the Petitioner did not wish to proceed to trial on the charge and he has not asserted that he would have gone to trial on the charge.

### III. Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. § 2255, and the Motion for Reconsideration be dismissed with prejudice.

**The parties have ten days from receipt of this report and recommendation in which**

**to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

      IT IS SO ORDERED June 29, 2009.

                                                   /s/ J. Marschewski
                                                 HONORABLE JAMES R. MARSCHEWSKI
                                                 UNITED STATES MAGISTRATE JUDGE